ESTATE OF FAATENI SWEET, DECEASED.

[No. 8189; decided August 2, 1893.]

**Pleading.**—Amendment to Pleadings Should be Allowed with great liberality; but an amendment is not permissible which affects a radical change in the cause of action and substitutes new issues already tendered and made by the opposite party.

**Pleading.**—Amendment to a Pleading is a Correction of an error committed in the progress of a cause. It is to correct, to improve, to rectify something deficient or defective in the original, not to substitute new for old. The principle to be regarded is, that where the effect of the proposed ''amendment'' is to state a proposition contrary to the position assumed in the original pleading, or to the theory upon which the case has been tried or the litigation conducted, then it is not an amendment.

Motion to amend pleading.

P. F. Dunne and J. J. Dunne, for motion.

T. J. Lyons and Geo. B. Merrill, contra.

COFFEY, J.    Recollecting the indulgence which the law allows in the way of amendment to pleadings, the power of the court should be freely and liberally exercised in the interest of justice, and recognizing the fact that from various causes pleadings are often found defective in the course of a controversy in court, in such cases, when an offer to amend is made at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his whole case, amendments should be allowed with great liberality. The right to have the pleadings amended to conform to the proof is, of course, well settled at any point before judgment; but after trial amendments should be considered with great caution. This is the pith of the law on this subject.

The objection to the proposed amendments is threefold: 1. It involves an entire change of issue; 2. It substitutes new issues; 3. It presents a new cause of action. Any one of these objections is good enough—if, indeed, the three are not one.

Cause of action is an expression peculiar to common-law system. It did not exist in equity. The expression derived its origin from the distinct and peculiar forms of procedure

appropriate to the particular classification into which common law procedure was divided. Under this system each particular form of common-law right, or common-law remedy, had to be separately asserted. The distinctive feature of the system was, in each instance, to reduce the controversy to a single issue for the determination of the jury. The right of venue materially affected the question; hence, in each action, the ground of complaint was called the cause of action, and from the cause alleged no departure was permitted, and when the proceeding had been instituted for assertion of one cause of action, it could not be used for the assertion of another distinct and independent cause of action; hence the rule that a plaintiff cannot, by amendment, introduce a new cause of action into a case.

An amendment is the correction of an error committed in the progress of a cause. It is to correct, to improve, to rectify something deficient or defective in the original, not to substitute new for old. The principle to be regarded is, that where the effect of the proposed "amendment" is to state a proposition contrary to the position assumed in the original pleading, or to the theory upon which the case has been tried or the litigation conducted, then it is not, in the sense of the statute, an amendment.

I am of opinion that the proposed amendments are designed to effect a radical change in the cause of action on the part of Israel Sweet; to substitute new issues for those already tendered and met by the opposite party; to change entirely the issues originally settled; and that to allow them would be in derogation of justice and an abuse of judicial discretion.